## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **C.T. and J.R., on behalf of their minor child D.H.,** | **Civil Action No. 07-4144 (JAP)** |
| **Plaintiffs,** | |
| **v.** | **REPORT & RECOMMENDATION** |
| **TRENTON BOARD OF EDUCATION, et al.,** | |
| **Defendants.** | |

### U.S.M.J., ARPERT

This matter having been referred by the Honorable Joel A. Pisano, U.S.D.J. "for a hearing for review and approval of the settlement and the allocation of the $75,000 settlement amount between damages and attorneys' fees, taking into account the paramount interests of the minor, D.H." *See* [dkt. entry no. 43] and a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1).  The Court has reviewed fully and considered the submissions of Plaintiffs C.T. and J.R. on behalf of their minor child D.H. (collectively, "Plaintiffs") and Defendants the Trenton Board of Education (the "Board") and Barbara Tucker (collectively, "Defendants"), and conducted a hearing in this matter on July 8, 2009 at which the mother of D.H. testified.  For the reasons set forth below, the Court recommends that the $75,000 settlement amount be allocated as follows: $50,000 to a Special Needs Trust to be created and maintained for the benefit of D.H. and $25,000 to Plaintiffs' attorneys' fees and costs.

### I.     Background

On August 29, 2007, Plaintiffs filed a Complaint which set forth various claims against the Defendants.  *See generally* (Pls.' Complaint).  Plaintiffs' first cause of action sought payment

of attorney's fees and costs for work performed in proceedings before the New Jersey Office of Administrative Law, as a result of which Plaintiffs successfully compelled the Board to restore and continue funding D.H.'s out-of-district, private school placement and transportation costs. *Id*. at 11-14. In addition, Plaintiffs' Complaint set forth eight separate, statutory and common law causes of action based on the harm allegedly caused to D.H. as a result of the Board's failure to provide special education and related services and support for a period of two years.  *Id*. at 14. Plaintiffs also asserted a claim for payment of attorney's fees and costs as well as expert witness fees incurred in pursuing the instant action.  *Id*. at 14-19.

On October 6, 2008, a settlement conference took place before the Honorable John J. Hughes, U.S.M.J. during which counsel for Plaintiffs and Defendants negotiated a proposed settlement which was subject to the approval of their respective clients.  Subsequently, counsel communicated their respective clients' approval of the proposed settlement to the Court.  While there is no question that the agreed settlement amount was $75,000, a dispute arose with respect to the allocation of the settlement amount.  Specifically, Plaintiffs intended to allocate $15,000 of the settlement proceeds toward the attorneys fees and costs incurred in connection with the case before the New Jersey Office of Administrative Law plus certain expert fees.  In addition, Plaintiffs understood that 25% of the remaining $60,000 (i.e. $15,000) would be paid to their attorney, per their contingency fee agreement, as legal fees and costs in connection with the instant litigation.  Defendants, on the other hand, contend that the settlement amount was intended to be allocated such that Plaintiffs would receive $60,000 for the benefit of D.H. and their attorney would receive a total of $15,000.

Because the parties were unable to resolve this dispute on their own accord, on

February 11, 2009 Plaintiffs filed a Motion to Enforce Settlement and on March 6, 2009 Defendants filed a Counter Motion to Enforce Settlement.  On April 17, 2009, the Court conducted oral argument on the Motions.  On April 21, 2009, the Court issued its recommendation "that Plaintiffs' Motion to Enforce Settlement be granted in so far as it seeks to enforce the essential terms of the settlement, specifically that Defendants be directed to tender a total of $75,000 to Plaintiffs in exchange for their release of any and all claims asserted in the Complaint."  *See* [dkt. entry no. 28].  Defendants and Plaintiffs each filed objections to the Report and Recommendation on May 4, 2009 and May 11, 2009, respectively.  On June 11, 2009, the Honorable Joel A. Pisano issued an Order 1) affirming Magistrate Judge Arpert's finding that the parties entered into a settlement requiring the payment of $75,000 by the Defendants to the Plaintiffs in exchange for the Plaintiffs' promise to forgo all of their claims against the Defendants; and 2) remanding the matter to Magistrate Judge Arpert for a hearing regarding the appropriate allocation of the settlement amount between damages and attorneys' fees.  *See* [dkt. entry no. 43].

On July 2, 2009, the Plaintiffs' attorney submitted documents in support of his application for attorneys' fees and costs for both the underlying state administrative action and the instant action.  On July 6, 2009, Defendants filed a response to the July 2, 2009 submission by Plaintiffs' attorney, who replied on July 7, 2009.  On July 8, 2009, the Court conducted a hearing to determine the allocation of the settlement monies "taking into account the paramount interests of the minor, D.H.."

## II.    DISCUSSION

On June 11, 2009, the Honorable Joel A. Pisano issued an Order affirming the settlement

3

of this matter for a total of $75,000.  The issue that remains before the Court is how the

settlement amount is to be allocated.  Plaintiffs' attorney explains that Plaintiffs seek

> To have the Board of Education pay $60,000 as a settlement for the cause of action [for] damages for the pain and suffering that D.H. endured, with the understanding that a 'special needs trust' for D.H.'s benefit would be created from the balance of the $60,000 after payment of legal fees and costs per a contingency fee agreement my law has with my clients; and [t]o have the Board of Education pay $15,000 to this law firm to cover not only the attorney's fees and costs incurred in handling the case in the New Jersey Office of Administrative Law . . . but also to reimburse my law firm law firm for the costs it incurred in hiring a private Psychologist, Dr. Gordon to evaluate D.H.

*See* (Pls.' July 2, 2009 Letter at 1).  Ultimately, Plaintiffs' counsel is requesting the Court to

approve allocation of the settlement amount as follows: a total of $30,000 for attorneys' fees and

costs and the remaining $45,000 to fund a Special Needs Trust for D.H.  *Id.* at 4.  Plaintiffs

appear to have understood and agreed to the allocation proposed by their attorney when they

accepted the settlement amount.  *See* (Pls.' Decl. at 1-2).  Defendants' counsel contends that the

Court should allocate $15,000 to attorneys' fees and costs and $60,000 to the Special Needs

Trust for D.H.  According to counsel, this is the allocation upon which Defendants' agreement to

pay the settlement amount was premised.  Having found that an enforceable settlement exists,

notwithstanding the parties' disagreement as to its proper allocation, this Court is charged with

the task of determining how much of the settlement amount should be directed to a Special

Needs Trust to meet D.H.'s future needs.

    After carefully reviewing the submissions before the Court and conducting a hearing on

July 8, 2009, it appears likely that as a result of his disabilities, D.H. will require some form of

ongoing therapeutic.  At present, D.H. is receiving counseling and special education benefits

through his current school placement.  No evidence was presented concerning the cost of those

benefits or of any specific care D.H. might require in the future.  That being said, the Court feels that the most equitable distribution of the settlement amount is for $50,000 to be placed in the Special Needs Trust for D.H. and the remaining $25,000 to be allocated to the Plaintiffs' attorney for fees and costs incurred in both the instant action as well as the proceedings before the New Jersey Office of Administrative Law.  The Court recognizes that the services rendered by Plaintiffs' counsel are documented in the Plaintiffs' Declaration of Counsel in support of their request for approval of the distribution of the settlement monies and the accompanying billing statements for work performed in both the New Jersey Office of Administrative Law proceedings as well as the instant action that are attached as exhibits to said Declaration.  *See* [dkt. entry no. 44].  Having carefully reviewed those statements, the Court believes that $25,000 adequately and fairly compensates Plaintiffs' attorney for his time and the costs incurred in his representation of Plaintiffs in both venues while giving paramount consideration to the needs of the minor. Therefore, the Court recommends that $25,000 be paid directly to counsel for Plaintiffs for attorney's fees and disbursements related to this litigation and that $50,000 be placed in a Special Needs Trust for D.H. in exchange for the release of any and all claims asserted against Defendants.

### III.    CONCLUSION

In consideration of the foregoing, it is respectfully recommended that Plaintiffs' Proposed Order for Judgment Approving Distribution of Settlement Monies [dkt. entry no. 48] be executed by the Court in accordance with the above outlined distribution of $25,000 for attorneys' fees and costs and $50,000 for the benefit of D.H.

Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b) permits objections

to this Report and Recommendation within ten (10) days after being served with a copy thereof.

A party may respond to another party's objections within ten (10) days after being served with a

copy thereof.  The Clerk of Court is directed to serve a copy of this Report and Recommendation

on Plaintiff and Counsel for Defendant by <u>regular and certified mail</u>.


                    Respectfully submitted,

                    s/ *Douglas E. Arpert*
                    **DOUGLAS E. ARPERT**
                    **UNITED STATES MAGISTRATE JUDGE**

**DATED: September 24, 2009**