UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.T. and J.R., on behalf of their minor child D.H., | : <br> : <br> : <br> : |
| Plaintiffs, | :     Civil Action No. 07-4144 (JAP) |
| v. | :     **ORDER** |
| TRENTON BOARD OF EDUCATION, et al., | : <br> : <br> : |
| Defendants. | : |

PISANO, District Judge.

This matter comes before the Court upon both the Plaintiffs and Defendants objection to Magistrate Judge Douglas E. Arpert's September 24, 2009 Report and Recommendation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

I.    Background

On March 30, 2004, in response to a request from Plaintiffs and the school staff's concern regarding Plaintiffs' adopted son D.H.'s behavior, the Trenton Board of Education's Child Study Team conducted evaluations to determine whether D.H. was eligible for special education and related services. (Pls.' Complaint, ¶ 18-19). On May 24, 2004, the Board denied D.H. any services despite ample information that D.H. was eligible for special education. (*Id*. ¶ 22). Over the next year, D.H. was evaluated by multiple specialists at the Board's direction who all noted that D.H. required supplemental education services; however, services continued to be denied by the Board. (*Id*. ¶ 25-37). On May 24, 2006, the Board finally determined that D.H. was eligible for special education services under the Individuals with Disabilities Act ("IDEA").

(*Id.* ¶ 45).  An Individual Education Program was prepared and implemented for the 2006-2007 school year.  (*Id.* ¶ 47-49).

On August 29, 2007, Plaintiffs filed a Complaint against the Trenton Board of Education and Barbara Tucker relating to the denial of D.H.'s special education and related services.  (*See generally* Pls.' Compl.).  Plaintiffs sought reimbursement for attorneys' fees and costs stemming from proceedings before the New Jersey Office of Administrative Law which had compelled Defendants to restore and continue funding D.H.'s out-of-district school placement and transportation costs.  (*Id.* ¶ 53-61).  Additionally, Plaintiffs sought monetary damages and reimbursement for fees and costs for the Board's violation of the IDEA, New Jersey's Law Against Discrimination, Rehabilitation Act of 1973, Americans with Disabilities Act of 1990, Equal Protection and Due Process clauses of the Fourteenth Amendment, Civil Rights Act and a cause of action for negligent supervision.  (*Id.* ¶ 62-91).

On October 6, 2008, Magistrate John J. Hughes conducted a settlement conference with counsel.  A proposed settlement of $75,000 was reached subject to the approval of their respective clients.  After both parties' approval was communicated to the court, a dispute arose as to how the $75,000 was to be allocated.  Defendants believed that $60,000 was to be given in trust for the benefit of D.H. and $15,000 was to be allocated to Plaintiffs' attorneys' fees.  Plaintiffs, however, intended for $15,000 of the settlement proceeds to be specifically allocated towards fees and costs incurred during the proceedings before the New Jersey Office of Administrative Law; additionally, Plaintiffs believed that their lawyer's fee in connection with this litigation would come out of the remaining $60,000.  Therefore, according to the Plaintiffs, Plaintiffs' counsel would receive $30,000 and D.H. would be entitled to the remaining $45,000.

Unable to resolve this misunderstanding, on February 11, 2009, Plaintiffs filed a Motion to Enforce the Settlement and on March 6, 2009 Defendants filed a Cross Motion to Enforce the Settlement.  (*See* Dkt. # 20 & 21).  After oral argument, Magistrate Judge Arpert[1] issued a Report to this Court recommending that Plaintiffs' Motion to Enforce the Settlement be granted in so far as it sought to enforce the essential terms of the agreement, specifically payment by Defendants of $75,000 in exchange for Plaintiffs' release of liability for all claims asserted.  (*See* Dkt. # 28).  Subsequently, both Defendants and Plaintiffs filed timely objections to the Report and Recommendation.  (*See* Dkt. # 32 & 33).  On June 15, 2009, this Court issued an Order affirming Magistrate Judge Arpert's findings that a settlement agreement was formed between Plaintiffs and Defendants in the amount of $75,000.  (*See* Dkt. #43).  Additionally, the Order remanded the matter to Magistrate Judge Arpert for a hearing on the "allocation of the $75,000 settlement between damages and attorney's fees, taking into account the paramount interests of the minor, D.H."  (*See* Dkt. #43).

On July 2, 2009, Plaintiffs' attorney submitted an application with supporting documents in support of his application for appropriate attorneys' fees for the New Jersey administrative action and for the current action.  (*See* Dkt. #44).  On July 6, 2009, Defendants filed a response to the above application.  (*See* Dkt. #45).  On July 8, 2009, Magistrate Judge Arpert conducted a hearing to determine the allocation of the settlement proceedings with the goal of "taking into account the paramount interests of the minor D.H."  After hearing testimony from the Plaintiff, Magistrate Judge Arpert concluded in his September 24, 2009 Report and Recommendation that D.H. will require some form of continuing therapeutic.  (R&R 9/24, at 4).  Since neither party presented specifics regarding cost or services required, Magistrate Judge Arpert found that "the most equitable distribution of the settlement amount is for $50,000 to be placed in the Special

---

[1] Judge Hughes retired during the pendency of the dispute.

Needs Trust for D.H. and the remaining $25,000 to be allocated to the Plaintiffs' attorney for fees and costs incurred in both the instant action as well as the proceeding before the New Jersey Office of Administrative Law." (*Id*. at 4-5). Additionally, the court found that $25,000 would adequately compensate Plaintiffs' counsel for representation in both proceedings. (*Id*. at 5).

On October 5, 2009, Defendants' counsel raised objections to Magistrate Judge Arpert's Report and Recommendation. (*See* Dkt. #52). While Defendants expressed their intent not to re-litigate the issue of the nature of the settlement agreement reached by the parties, Defendants urged this court to grant D.H. $60,000 because any lesser amount will "deny him the therapeutic services he will require in the future." (*See* Dkt. #52). On October 15, 2009, Plaintiffs filed their own objection in light of Defendant's objection arguing that $30,000 is an appropriate legal fee and if D.H. requires additional funding for support services, the total settlement amount should be adjusted, not the legal fees. (*See* Dkt. #55).

II.   Analysis

Review of a Magistrate Judge's Report and Recommendation is governed by Local Civil Rule 72.1. The Rule provides that the Court "shall make a *de novo* determination of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In so reviewing, the Court need not conduct a new hearing, but "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." *Id*.

Applying this legal standard to the facts of this case, the Court adopts Judge Arpert's September 24, 2009 Report and Recommendation and declines to accept both Plaintiffs' and Defendants' proposals for allocating the settlement proceeds. Here, the Court is tasked with

deciding the allocation of attorneys' fees and funds for therapeutic services by "taking into account the paramount interest of the minor." Having reviewed the entire record in this case de novo, the Court finds that neither Plaintiffs nor Defendants offered any evidence to support and validate the type of services and their cost which may be needed for D.H. in the future. (*See* Transcript of Friendly Hearing 8/7/09). In fact, Judge Arpert noted that there was no evidence "presented concerning the costs of those benefits or any specific care D.H. might require in the future." (R&R 9/24, at 4-5). A majority of the transcript from the hearing simply repeats the history of D.H.'s treatment and the current services he is receiving. (*See* Transcript of Friendly Hearing 8/7/09). Plaintiffs however did establish, as Judge Arpert noted, that therapeutic services outside of school would be necessary in the future although the Plaintiff admitted that she did not "know how much the counseling would cost." (*See* Transcript of Friendly Hearing 8/7/09, at 13). As Judge Arpert and this Court are left with little evidence on the cost of D.H.'s needs, the Court supports Judge Arpert's equitable decision of placing $50,000 in trust for D.H. and awarding $25,000 for all the attorneys' fees.

**IT IS** on this 7th day of December, 2009,

**ORDERED** that the Report and Recommendation filed on September 24, 2009, recommending that the settlement between Plaintiffs and Defendants be allocated $50,000 in trust for D.H. and $25,000 for attorneys' fees is hereby ADOPTED as the findings of fact and conclusions of this Court.

**SO ORDERED**.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.